# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JULIAN UVALDO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01141** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GREAT LAKES COCA-COLA** | ) | |
| **DISTRIBUTION, L.L.C. D/B/A REYES** | ) | |
| **COCA-COLA BOTTLING,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

**NOW COMES** Plaintiff, Julian Uvaldo ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Great Lakes Coca-Cola Distribution, L.L.C. d/b/a Reyes Coca-Cola Bottling ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.  Moreover, this lawsuit also arises under the Americans with Disabilities Act of 1990, as amended, ("ADA").  Lastly, this lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq*. ("Title VII") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action

is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

3.       Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.       All conditions precedent to jurisdiction have occurred or been complied with.

5.       A charge of employment discrimination on basis of race, sex, disability, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.       Notification of the Right to Sue was received from EEOC on or about February 2, 2023. (Attached hereto as Exhibit "B").

7.       This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8.       At all times material to the allegations of this Complaint Plaintiff resided in Lake County in the State of Illinois.

9.       At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Lake County. whose address is 750 Chestnut Avenue, Waukegan, Illinois 60085.

10.       Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.     Plaintiff (Hispanic, LGBTQ, Disabled) worked for Defendant between July 2019 through July 28, 2022.

13.     Since at least August 2019 through July 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex and race (sexual orientation), violating Title VII.

14.     Plaintiff is LGBTQ and is a member of a protected class because of his sexual orientation whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15.     Plaintiff was unlawfully terminated on July 28, 2022.

16.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

17.     Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

18.     Near the beginning of Plaintiff's employment, Plaintiff disclosed to management that he was a member of the LGBTQ community.

19.     Shortly thereafter, Plaintiff began receiving disparate treatment at work, including extra ridicule, scrutiny, and was subjected to deliberate sarcastic treatment.

20.     Moreover, Plaintiff was called several slurs, including cupcake and f*g.

21.     Plaintiff was subjected to remarks about how he was used to bending over, and asked inappropriate questions by his coworkers.

22.     When Plaintiff's supervisors were not engaging in this conduct, they often observed it and said nothing to prevent it from taking place.

23.     Furthermore, Plaintiff was subjected to several insults regarding his race.

24.     Plaintiff was repeatedly asked if he had papers. In one instance, a coworker splashed water onto Plaintiff and called him a "wet back."

25.     Again, Plaintiff's supervisors' did nothing.

26.     Additionally, Plaintiff was injured in a workplace accident.

27.     Plaintiff was oft ridiculed by his supervisors, who spoke to Plaintiff in an insulting and distasteful manner. Further stating that he could not be "on light duty forever." Plaintiff was then put on what was described as a restricted leave.

28.     In November 2021, after years of near constant abuse, Plaintiff wrote an email to HR detailing the egregious conduct he had to suffer through.

29.     Despite his email, no changes were affected while Plaintiff was on leave.

30.     In June 2022, after receiving word from Plaintiff's doctor that he was approximately 6 months from returning to work, Defendant terminated Plaintiff's employment so no changes would need to be made to accommodate his return to work

31.     Plaintiff was targeted for termination because of his sexual orientation, race, disability, and reporting of illegal activity.

32.     Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

33.     Plaintiff suffered multiple adverse employment actions including, but not limited

4

to being terminated.

34.     There is a basis for employer liability for the sexual harassment, race discrimination, and disability discrimination that Plaintiff was subjected to.

35.     Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to the human resources department regarding his harassment.

## COUNT I
### Sex-Based Harassment in Violation of Title VII of
### the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

36.     Plaintiff repeats and re-alleges paragraphs 1-35as if fully stated herein.

37.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

38.     Defendant knew or should have known of the harassment.

39.     The sexual harassment was severe or pervasive.

40.     The sexual harassment was offensive subjectively and objectively.

41.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

42.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

43.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

45.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

46.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

47.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

48.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

49.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

50.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
**Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*
Disability-Based Harassment**

51.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

52.     By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and harassed the Plaintiff on the basis of his disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

53.     Defendant knew or should have known of the harassment.

54.     The disability harassment was severe or pervasive.

55.     The disability harassment was offensive subjectively and objectively.

56.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to his disability.

57.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT IV</u>
**Violations of the Americans with Disabilities Act ("ADA")**
**Disability Discrimination**

58.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

59.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

60.     Defendant terminated Plaintiff's employment on the basis of his disability.

61.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

62.     Plaintiff is a member of a protected class under the ADA, due to his disability.

63.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

64.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of 42 U.S.C. § 12101, *et seq.***
**Retaliation**

65.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

66.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, et seq.

67.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

68.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

69.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

70.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

71.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

72.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>COUNT VI</u>
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

73.    Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

74.    Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

75.    Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

76.    Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

77.    Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

78.     Plaintiff demands this count be tried by a jury.

<u>COUNT VII</u>
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**

79.    Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

80. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

81. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

82. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

83. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

84. Plaintiff demands that this count be tried by a jury.

<u>**COUNT VIII**</u>
**Demand for Relief for Race-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**

85. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

86. By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on their race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

87. Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Title VII of the Civil Rights Act of 1964.

88. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

89. At all relevant times, Defendant was aware of the aforementioned race-based

harassment and hostile work environment, yet Defendant took no action to remedy the unlawful race-based harassment and hostile work environment.

90. By reason of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

91. Plaintiff demands that this count be tried by a jury.

### COUNT IX
**Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, et seq.**

92. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

93. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

94. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

95. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

96. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

97. Plaintiff demands that this count be tried by a jury.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of February, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*